UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC BELL TELEPHONE COMPANY D/B/A AT&T CALIFORNIA; VERIZON CALIFORNIA, INC.; SUREWEST TELEPHONE; AND SUREWEST TELEVIDEO, <br><br> Defendants. | No.  2:14-cv-01257-MCE-CKD <br><br><br> **MEMORANDUM AND ORDER** |

    This is one of over 60 similar actions filed by Sprint Communications Company L.P. ("Sprint") or affiliates of Verizon in various federal district courts across the United States.  The issue in each case is the same: whether long-distance phone companies are entitled to refunds for switched access charges paid to local phone companies in connection with the long-distance companies' use of switched access services purchased from the local phone companies to route certain phone calls between wireless and wireline phone customers.

    On September 19, 2014, one of the defendants in 28 of the 60 cases, CenturyLink, filed a motion with the Judicial Panel on Multidistrict Litigation ("MDL Panel") to transfer the 28 CenturyLink actions to a single federal district court for

1

coordinated proceedings. See In re: IntraMTA Switched Access Charges Litigation, MDL No. 2587. On October 8, 2014, CenturyLink identified the 39 other actions, including this case, as related actions. Subsequently, on October 16, 2014, some of the parties in those 39 actions filed responses asking the MDL Panel to consolidate all the cases. The MDL Panel heard the motion on December 4, 2014, usually takes two weeks to issue a decision. Mot., ECF No. 48-1 at 11.

Defendant Pacific Bell Telephone Company ("Pacific Bell") requests that the Court temporarily stay this lawsuit, including any Rule 16 Scheduling Conference or other pretrial activity, until the MDL Panel decides CenturyLink's motion. ECF No. 48. For the reasons set forth below, the Motion for a Temporary Stay of Proceedings Pending a Final Ruling of the Judicial Panel on Multidistrict Litigation is GRANTED.[1]

**STANDARD**

A "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979)). The power to issue a stay derives from a federal district court's power to control its docket and ensure that cases before it are justly determined. Leyva, 593 F.2d at 864. When considering a motion to stay, the court weighs a series of competing interests:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g); see ECF No. 57.

CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962) (citing Landis v. N. Am. Co., 299 U.S. 248, 254-55)).

## DISCUSSION

The interests of judicial economy and efficiency are served by staying this case until the motion before the MDL Panel has been decided.  Going forward on this matter risks wasting judicial resources, as the Court will have to familiarize itself with a case that may soon be transferred.  This is critical because currently pending before the Court is Pacific Bell's pending Motion to Dismiss or, in the alternative, Stay this Action and Refer the Controlling Legal Issues to the Federal Communications Commission (ECF No. 37), which is scheduled to be heard in this court on January 8, 2015.

In addition, the Court is not convinced that the short stay anticipated will cause a hardship to Sprint.  Sprint argues that the instant Motion for a Temporary Stay is an attempt by Pacific Bell to delay the litigation so that it does not have to make Rule 26(a)(1) disclosures that would be helpful to Sprint's defense of the motion before the MDL Panel. See Sprint Opp., ECF No. 54 at 4.  Even if this were Pacific Bell's true motivation, however, the argument is now moot because briefing in the multidistrict case was completed weeks ago and the hearing was held on December 4.  Thus, it is too late for the 26(a)(1) disclosures to help Sprint's defense.

Therefore, because the interest of judicial economy outweighs any potential harm to the parties, the Court finds that a stay of all proceedings is appropriate in this case.

## CONCLUSION

For the reasons set forth above, Pacific Bell's Motion for a Temporary Stay of Proceedings, ECF No. 37, is GRANTED.  All proceedings in this case are hereby stayed pending a final ruling by the MDL Panel on In re: IntraMTA Switched Access Charges

Litigation, MDL No. 2587. The parties are directed to file a Joint Status Report advising the Court of the status of the motion pending before the MDL Panel every forty-five (45) days; the first such report must be filed not later than forty-five (45) days after this Order is electronically filed. Failure to do so may result in monetary sanctions and/or dismissal of this action for noncompliance with the Court's Order and/or the failure to prosecute.

    IT IS SO ORDERED.

Dated: December 15, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT